By the Court,

Cowen, J.
The statutes relied upon by the relator’s counsel are 2 R. S. 538, 9,2c? ed. These provide that for any services which may be rendered by a constable, the sheriff shall have the same fees as the constable. (Id. § 39. See a like provision, id. 630, § 12.) The latter is entitled to $1,25 per day for attending court pursuant to a notice from the sheriff. (Id. 539, § 40.) Clearly, the case cannot be brought within the clauses relied on, unless we could suppose the sheriff giving notice to himself. This service of the constable is on special notice to him from the sheriff, and cannot therefore be performed by the latter. The attendance of the sheriff at these courts is highly necessary, not to say essential; but the statute seems to have referred his compensation to perquisites for other services. The intent is more clear when we see that for attendance on the supreme court, a compensation of $2 per day is given to the sheriff. (2 R. S. 538, § 39.)
Motion denied.